to those the subject of *United States* v. *Goldberg & Seltzer, Inc.* (36 C. C. P. A. 64, C. A. D. 399), the claim of the plaintiff was sustained.

**No. 54903.**—Fuchs Shoe Corp. *v.* United States, protest 164187–K (New York).

Opinion by FORD, J.    In accordance with stipulation of counsel that certain items of the merchandise consist of sisal handbags similar in all material respects to those the subject of *United States* v. *Goldberg & Seltzer, Inc.* (36 C. C. P. A. 64, C. A. D. 399), the claim of the plaintiff was sustained.

**No. 54904.**—Fuchs Shoe Corp. *v.* United States, protests 164188–K, 164190–K, and 165067–K (New York).

Opinion by FORD, J.    In accordance with stipulation of counsel that certain items of the merchandise consist of handbags similar in all material respects to those the subject of *United States* v. *Goldberg & Seltzer, Inc.* (36 C. C. P. A. 64, C. A. D. 399), the claim of the plaintiff was sustained.

BEFORE THE THIRD DIVISION, NOVEMBER 30, 1950

**No. 54905.**—Leacock & Co., Inc. *v.* United States, protest 130715–K (New York).

Opinion by EKWALL, J.    It was stipulated that the Federal Reserve bank certified dual rates of exchange for the currency involved in the liquidation of the entry for the date of exportation of the merchandise covered by the entry and that the circumstances relating to the liquidation of the said entry are similar in all material respects to those in Abstract 54732.    In view of this stipulation and following the cited decision it was held that the currency of the invoice should have been converted in the manner directed by the judgment of this court in said Abstract 54732, in accordance with Bureau of Customs Circular Letter No. 2675, dated October 19, 1949.

**No. 54906.**—American Thermo-Ware Company, Inc. *v.* United States, protest 151792–K (New York).

Opinion by EKWALL, J. It was stipulated that the Federal Reserve bank certified dual rates of exchange for the currencies involved in the liquidation of the entries for the dates of exportation of the merchandise covered by the entries and that the circumstances relating to the liquidation of the said entries are similar in all material respects to those in Abstract 54732. In view of this stipulation and following the cited decision it was held that the currencies of the invoices covered by certain enumerated entries should have been converted in the manner directed by the judgment of this court in said Abstract 54732, in accordance with Bureau of Customs Circular Letter No. 2675, dated October 19, 1949.

No. 54907.—The Carbone Corp. et al. v. United States, protests 159170–K, etc. (New York).

Opinion by EKWALL, J. It was stipulated that the Federal Reserve bank certified dual rates of exchange for the currencies involved in the liquidation of the entries for the dates of exportation of the merchandise covered by the entries and that the circumstances relating to the liquidation of the said entries are similar in all material respects to those in Abstract 54732. In view of this stipulation and following the cited decision it was held that the currencies of the invoices covered by certain enumerated entries should have been converted in the manner directed by the judgment of this court in said Abstract 54732, in accordance with Bureau of Customs Circular Letter No. 2675, dated October 19, 1949.

No. 54908.—Mikhael, Shiri & Co. v. United States, protest 134546–K (New York).

Opinion by EKWALL, J. An examination of the record disclosing nothing that would warrant the court in disturbing the finding of the collector, which was presumptively correct, the protest was overruled.

No. 54909.—J. W. Hampton, Jr., & Co.,Inc. v. United States, protest 155450–K (New York).

Opinion by EKWALL, J. An examination of the record disclosing nothing that would warrant the court in disturbing the finding of the collector, which was presumptively correct, the protest was overruled.

No. 54910.—Continental Distributing Co., Inc. v. United States, protest 115207–K/150 (Chicago):

Opinion by JOHNSON, J. For the reasons stated in *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiff was sustained.

No. 54911.—Schenley Import Corp. v. United States, protest 139085–K (New York).